# EXHIBIT A

E-Filed for Record
9/15/2020 5:58 PM
La Salle County District Clerk, TX
By: Ana Ramon

41/108

CAUSE NO. 20-09-00160-CVL

| | | |
|---|---|---|
| MARCOS LEYVA, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| | § | |
| VS. | § | 218TH JUDICIAL DISTRICT |
| | § | |
| | § | |
| | § | |
| LEWIS RESOURCE MANAGEMENT | § | |
| Defendant. | § | LA SALLE COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES PLAINTIFF MARCOS LEYVA ("Mr. Leyva"), by and through his undersigned attorneys of record, and, in accordance with the Texas Rules of Civil Procedure, files this, his Original Petition, against DEFENDANT LEWIS RESOURCE MANAGEMENT. For cause of action, Mr. Leyva would show unto the Court the following:

### I.
### DISCOVERY CONTROL PLAN

1. Mr. Leyva intends to conduct discovery pursuant to Level 2.

### II.
### THE PARTIES

2. Mr. Leyva is a Texas resident living at 316 E. Webb, Crystal City, Zavala County, Texas 78839.

3. DEFENDANT LEWIS RESOURCE MANAGEMENT ("Defendant") is a Domestic Limited Liability Company engaged in interstate commerce pursuant to the laws of the State of Texas and may be served with summons on its registered agent, Rodney R. Lewis, Chief Executive Officer, at 10101 Reunion Place, Suite 1000, San Antonio, Texas 78216.

## III.
## JURISDICTION

4. Mr. Leyva asserts claims against Defendant for violations of Chapter 451 of the Texas Labor Code and the Fair Labor Standards Act ("FLSA"), thereby invoking the jurisdiction of this Court. He seeks monetary and injunctive relief over $200,000.00 but not more than $1,000,000.00.

## IV.
## VENUE

5. Because the acts and omissions forming the basis of this suit occurred in La Salle County, Texas, venue is appropriate in the District courts of La Salle County, Texas.

## V.
## STATEMENT OF FACTS

6. On or about December 3, 2008, Mr. Leyva accepted gainful employment as a Lease Operator. He was later promoted to Foreman, then Production Superintendent.

7. Defendant required that Mr. Leyva work eleven days straight with an alternating weekend cycle. He started on Mondays and ended on Thursdays, with one day off on the twelfth day, Friday. He regularly worked ten to twelve hours per day starting at 6:00 a.m.

8. Mr. Leyva's job duties and responsibilities included, but were not limited to, the following: review and submission of production reports before 7:00 a.m. detailing the physical production and depletion of oil wells, troubleshooting and maintenance of oil wells, troubleshooting and maintenance of equipment on oil wells, assisting Lease Operators with soaping oil wells by climbing inside to drop a soap stick or a bar of soap in order to remove accumulated fluid and improve the flow of well, and attending meetings with Engineers to

discuss the production, maintenance, and depletion of oil wells. Mr. Leyva's job duties were heavily labor intensive, physically demanding, and consumed the vast majority of his daily shift.

9.  During his employment, Defendant required that Mr. Leyva work hours well in excess of forty per week on a weekly basis. Mr. Leyva worked well into the evening on weekdays, and often worked weekends and/or holidays in order to carry his work load. Defendant failed and/or refused to pay him overtime wages at time and a half throughout his employment.

10. On or about June 21, 2019 and during the course and scope of his employment, Mr. Leyva suffered on an on-the-job injury for which he filed a compensable worker's compensation claim. The injury occurred when Mr. Leyva was attempting to climb a ladder for the purposes of soaping wells. As previously mentioned, soaping a well consists of someone climbing inside the well and placing a bar of soap or soap stick into the valve to improve the flow. The well is constructed in a way that the ladder is connected to it with a U-Bolt. As Mr. Leyva was climbing this ladder, it shifted sideways. Mr. Leyva slipped and grabbed onto the ladder to prevent from falling. He severely twisted up twisting his back causing him two herniated discs.

11. Mr. Leyva reported the unsafe condition and the incident to his boss, Mr. Juan Riojas and to the Safety Officer, Mr. Eden Garcia. Mr. Garcia directed Mr. Leyva to lie by reporting that the accident occurred at home, but Mr. Leyva refused to lie about the location of the injury. He later ordered new ladders for installation so no one else would get hurt.

12. A few days later Mr. Leyva complained to Mr. Garcia that he was in serious pain. Mr. Garcia asked Mr. Leyva to lie by reporting that the accident had just happened, but Mr.

3

Leyva refused to lie about the date of his injury. He told the Safety Director's supervisor what he was asked to do and that he refused to do so.

13. Mr. Leyva was on medical leave from August 13, 2019 through November 18, 2019. He returned to work with a light duty restriction. During his leave, Mr. Leyva's manager, Mr. Riojas expressed disapproval of Mr. Leyva for receiving therapy. He would scream at him over the phone, "You need to get back to work!" and "You can't be missing work!" and "why are you going to the Doctor?" Mr. Riojas would also yell, "tell your doctors to hurry up!"

14. When Mr. Leyva returned to work, he was under light duty restrictions. He attended meetings but had limited physical activity. Mr. Riojas did not like Mr. Leyva missing work for therapy. Mr. Leyva texted Mr. Riojas what days he would allow him to go to his therapy. Mr. Riojas would tell him to wait. He would get upset and would tell Mr. Leyva that he could not be missing work. He would ask Mr. Leyva, "Why are you going to the doctor?"

15. Shortly thereafter, Mr. Leyva received a written reprimand for poor performance. Mr. Leyva had never been counseled before and he was never given any information about needing to improve. He refused to sign the reprimand.

16. On March 20, 2020, Mr. Leyva received a letter informing him that he was being furloughed.

17. On March 27, 2020 Mr. Leyva received a letter informing him that he was terminated due to a Reduction in Force. The Construction Superintendent, Mr. Rolando Rodriguez, said Mr. Riojas selected for a Reduction In Force "RIF" because of Mr. Leyva's workplace injury.

4

18. On April 14, 2020 Mr. Leyva received a severance packet from Defendant. Mr. Leyva refused the severance and requested reinstatement.

19. Defendants discharged Mr. Leyva on March 27, 2020.

## VI.
## - COUNT ONE -
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

20. The FLSA provides, *inter alia*, that all employees are entitled to a minimum wage for the first forty hours worked in a workweek. The FLSA also provides that all employees are entitled to overtime pay, at a rate not less than one-half times the regular rate, for all hours worked in excess of forty hours in a workweek.

21. By and through his Original Petition, Mr. Leyva pleas that he was a bona fide employee entitled to the full protections of the FLSA, including overtime compensation for all hours worked more than forty in each workweek. More specifically, Plaintiff contends that Defendant retained the final authority to hire and fire, that Defendant retained the final authority to supervise and control his work schedules, that Defendant retained the final authority to determine its rates and method of payments, and that Defendant maintained employment records.

22. By and through his Original Petition, Mr. Leyva contends that Defendant did not employ Plaintiff in a *bona fide* executive, professional, or administrative capacity.

23. By and through his Original Petition, Mr. Leyva contends that he was not otherwise exempt from the FLSA.

24. By and through his Original Petition, Mr. Leyva contends that Defendants did not pay all overtime wages due and owing to him, in violation of the FLSA.

25. By and through his Original Petition, Mr. Leyva contends that Defendants failed to make, keep and preserve records documenting his hours worked and wages due.

26. By and through his Original Petition, Mr. Leyva contends that Defendant's failure to pay him was a willful and intentional violation of the FLSA. More specifically, Mr. Leyva contends that Defendant failed to act in good faith and did not reasonably believe that he was an exempt employee.

27. By and through his Original Petition, Mr. Leyva contends that Defendant's willful and intentional violations constitute "continuing violations" of the FLSA, thereby extending the applicable statute of limitations from two to three years. Further, Mr. Leyva invokes all statutory and judicial expansions of the applicable statute of limitations under <u>Ledbetter v. Goodyear Tire & Rubber Co.</u>

28. By and through his Original Petition, Mr. Leyva requests that the Court assess liquidated damages in an amount equal to the regular and overtime wages due and owing by Defendant to him because it willfully and intentionally violated the FLSA.

29. Mr. Leyva was compelled to employ the undersigned attorneys to prosecute his claims to judgment. Accordingly, Mr. Leyva seeks to recover reasonable and necessary attorney's fees and taxable costs of court.

## VII.
## - COUNT TWO -
## VIOLATIONS OF THE TEXAS LABOR CODE

30. By and through his Original Petition, Mr. Leyva pleads that Defendant illegally retaliated against him in violation of the Anti-Retaliation Law of the Texas Labor Code, which protects workers who suffer on-the-job injuries and file workers' compensation claims, hire a lawyer to represent them, institute good faith proceedings under the Anti-Retaliation Law, or testify in proceedings under the Anti-Retaliation Law. More specifically, Mr. Leyva initiated a

worker's compensation claim and Defendant arbitrarily and capriciously terminated his employment in retaliation.

31. By and through his Original Petition, Mr. Leyva pleads that Defendant, and its agents, employees and representatives, have caused him grievous harm and damages. As a direct and proximate result of its violations of state law Defendant has caused Mr. Leyva to suffer lost past and future wages, and will continue to suffer loss of same into the foreseeable future.

32. By and through his Original Petition, Mr. Leyva pleads that Defendant has caused him to suffer acute mental anguish including, but not limited to, extreme distress and mental pain, intense feelings of guilt and depression, low self-esteem, severe humiliation, belittlement, shame, uncontrollable panic attacks, loss of sleep and appetite, and alienation of affection from his family and friends. Mr. Leyva will, in all likelihood and for the balance of his life, continue to suffer future mental anguish.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that upon final trial on the merits, Plaintiff recovers judgment against Defendant, said judgment entitling him to:

1. Compensation for all economic and financial damages suffered by Mr. Leyva, including, but not limited to, past and future wages, benefits, and other compensation, in an amount to be fixed upon inquest;

2. Compensatory damages for all past and future mental and emotional pain and suffering in an amount to be fixed upon inquest;

3. Pre-judgment and post-judgment interest, at the maximum rate permitted by law;

4. Attorney's fees and taxable costs of court expended in this lawsuit;

5. Exemplary damages;

6. Liquidated damages to be determined upon inquest;

7. A mandatory injunction installing Mr. Leyva to a position of employment with all applicable employment benefits, retroactive to March 23, 2020; and

8. Such other and further legal relief, either at law or equity, to which Mr. Leyva may be justly entitled.

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY

        Respectfully submitted,

        SÁNCHEZ & WILSON, P.L.L.C.
        www.sanchezwilson.com
        MARK ANTHONY SÁNCHEZ, ESQ.
        mas@sanchezwilson.com
        BRYAN MARK KORRI, ESQ.
        bmk@sanchezwilson.com
        6243 IH-10 West, Suite 1025
        San Antonio, Texas 78201
        (210) 222-8899
        (210) 222-9526 (Telecopier)
        ATTORNEYS FOR PLAINTIFF

By: /s/ Bryan Mark Korri
    MARK ANTHONY SÁNCHEZ, ESQ.
    TEXAS STATE BAR NO. 00795857
    BRYAN MARK KORRI, ESQ.
    TEXAS STATE BAR NO. 24067948

G:\My Files\1-Sanchez\Leyva, Marcos\Pleadings\Petition - Original.doc