Case 5:21-cv-00042   Document 4   Filed on 07/27/21 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
July 27, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| **MARCOS LEYVA,** § | |
| § | |
| Plaintiff, § | |
| VS. § | **CIVIL ACTION NO. 5:21-CV-00042** |
| § | |
| **LEWIS RESOURCE MANAGEMENT,** § | |
| **LLC,** § | |
| § | |
| Defendant. § | |

### MEMORANDUM & ORDER

This case arises from a labor dispute between Plaintiff Marcos Leyva and Defendant Lewis Resource Management, LLC. (Dkt. 1, Attach. 2 at 2.) Defendant is a domestic limited liability company doing business in La Salle County, Texas. (*Id.*) Plaintiff was a lease operator, foreman, and production superintendent for Defendant. (*Id.* at 3.) Plaintiff's Original Petition (Dkt. 1, Attach. 2) consists of two claims: (1) an overtime compensation claim under the Fair Labor Standards Act; and (2) a retaliatory termination claim under Texas Labor Code § 451.001. (*See id.* at 6–8.)

Plaintiff initially filed suit in the state district court for the 218th Judicial District of La Salle County, Texas, Cause No. 20-09-00160-CVL. (Dkt. 1 at 1.) Defendant removed the case to this Court on federal question grounds pursuant to 28 U.S.C. § 1331. *(See id.* at 2.) Defendant asserts that removal is proper because Plaintiff's Original Petition (Dkt. 1, Attach. 2) is a civil action brought in part under the Fair Labor Standards Act, a federal law. (Dkt. 1 at 2.) Defendant concedes that Plaintiff's retaliatory termination claim is not removable and may be severed and remanded to state court pursuant to 28 U.S.C. § 1441(c)(2). (*Id.*)

Now pending is Plaintiff's Unopposed Motion to Sever and Remand (Dkt. 3). Having

reviewed the pleadings and the applicable law, the Court determines that Plaintiff's retaliatory termination claim should be severed and remanded to state court. Accordingly, Plaintiff's Unopposed Motion to Sever and Remand (Dkt. 3) should be granted.

## Legal Standard

In general, a defendant may remove a case to federal court if the case could originally have been filed there. *In re Deepwater Horizon*, 745 F.3d 157, 162 (5th Cir. 2014) (citing 28 U.S.C. § 1441(a)). The removing defendant bears the burden of establishing the federal court's subject-matter jurisdiction and overcoming the presumption against removal. *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008). In addition, any doubts as to the propriety of removal must be resolved in favor of remand because removal raises significant federalism concerns. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

## Discussion

Here, the Court has subject matter jurisdiction over Plaintiff's first claim—the Fair Labor Standards Act claim. A district court has federal question jurisdiction under 28 U.S.C. § 1331 "if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006). Because the Fair Labor Standards Act is federal law, the Court therefore retains jurisdiction over that claim.

However, Plaintiff's second claim—the state law retaliatory termination claim—should be severed and remanded. Title 28, United States Code, Subsection 1441(c) governs the severance of state law claims when a case is removed on federal question grounds. It states that upon removal of actions consisting of a federal law claim and a claim made nonremovable by

statute, the district court shall sever from the action all nonremovable claims and remand the severed claims to the state court from which the action was removed. 28 U.S.C. § 1441(c)(2).

Plaintiff's second claim, concerning his retaliatory termination in violation of the Texas Labor Code's prohibition against certain retaliatory acts by an employer, has been made nonremovable by statute. *See* Tex. Labor Code § 451.001. According to 28 U.S.C. § 1445(c), a civil action in any state court arising under the workmen's compensation laws of such state may not be removed to any district court of the United States. Congress enacted § 1445(c) to stop the removal of compensation cases which were increasing the already overburdened docket of the federal courts. *See Jones v. Roadway Express, Inc.*, 931 F.2d 1086, 1091 (5th Cir. 1991). The Fifth Circuit has previously ruled that 28 U.S.C. § 1445(c) should be interpreted broadly to include all cases arising under a states' workers' compensation scheme, including those like Plaintiff's retaliatory termination claim. *See Id.* at 1091.

In fact, the Fifth Circuit has clarified that a retaliatory termination claim under Texas Labor Code § 451.001 is a claim under Texas workmen's compensation laws that is nonremovable and therefore requires remand to state court. *See Sherrod v. American Airlines, Inc.*, 132 F.3d 1112, 118–19 (5th Cir. 1998) (holding that the plaintiff's retaliatory termination claim should be severed and remanded to state court when the basis of removal is federal question jurisdiction). Accordingly, because Plaintiff's retaliatory termination claim is nonremovable pursuant to § 1445(c), that claim should be severed and remanded to state court. *See Id.* at 119.

## Conclusion

For the foregoing reasons, Plaintiff's Unopposed Motion to Sever and Remand (Dkt. 3) is hereby GRANTED. Plaintiff's retaliatory termination claim—labeled "Count Two" in Plaintiff's

Original Petition (Dkt. 1, Attach. 2)—is now SEVERED and REMANDED to the 218th Judicial District Court of La Salle County, Texas, where it was filed as Cause No. 20-09-00160-CVL. The Clerk of Court is hereby DIRECTED to send a certified copy of this Memorandum & Order by mail to the clerk of the State court, as required by 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

SIGNED this 27th day of July, 2021.

_____
Diana Saldaña
United States District Judge